**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-4682**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ANETTE SANABRIA-VELEZ,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Thomas S. Kleeh, Chief District Judge. (1:23-cr-00022-TSK-MJA-1)

───────────────

Submitted: September 18, 2025           Decided: September 22, 2025

───────────────

Before THACKER and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Katy J. Cimino, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant. Zelda Elizabeth Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anette Sanabria-Velez pled guilty, pursuant to a written plea agreement, to possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). She was sentenced to a within-Guidelines sentence of 168 months' imprisonment. Sanabria-Velez's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning the validity of Sanabria-Velez's guilty plea. Although informed of her right to file a pro se supplemental brief, Sanabria-Velez has not done so. The Government has not invoked the appeal waiver contained in Sanabria-Velez's plea agreement and has declined to file a response brief. We affirm.

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the rights she is relinquishing by pleading guilty, the nature of the charge to which she is pleading, and the applicable maximum and mandatory minimum penalties she faces. Fed. R. Crim. P. 11(b)(1). The district court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).

Because Sanabria-Velez did not move in the district court to withdraw her plea, we review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing plain error standard). Here, the magistrate judge conducted a thorough and complete Rule 11 hearing. We

2

therefore conclude that Sanabria-Valez entered her plea knowingly and voluntarily, and that a factual basis supported the plea.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the judgment. This court requires that counsel inform Sanabria-Velez, in writing, of the right to petition the Supreme Court of the United States for further review. If Sanabria-Velez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sanabria-Velez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*